UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| BRADLEY JAMES CARLSON,  ) | Case No. 24-40261-CAN7 |
| ) | |
| Debtor.    ) | |

### UNITED STATES TRUSTEE'S MOTION TO COMPEL CHRISTINE BRANDOW TO COMPLY WITH SUPBOENA DUCES TECUM ISSUED PURSUANT TO FED. R. BANKR. P. 2004

Pursuant to Federal Rules of Civil Procedure 45, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 2004(c) and 9016, the United States Trustee (the "UST") moves the Court for an order compelling Christine Brandow to fully comply with a subpoena duces tecum issued by the UST. In support of this motion, the United States Trustee respectfully states:

1. On February 29, 2024, the Debtor filed a voluntary petition under Chapter 7.

2. The UST is reviewing this case to determine whether grounds exist to file a complaint objecting to the Debtor's discharge under § 727.

3. The Debtor had numerous complicated financial transactions which require further investigation. The UST notes that certain financial institutions have asserted that the Debtor owes them in excess of $10 million.

4. The Debtor testified at two meetings of creditors pursuant to Section 341(a) of the Bankruptcy Code lasting in total over eight hours, and it is clear that the Debtor has complicated business relationships.

5. Prior to the commencement of this Chapter 7 proceeding, a receiver, Brent King, was appointed by the Circuit Court of Jackson County, Missouri to oversee the Debtor's

1

businesses (the "Receiver").

6. The Receiver investigated the financial dealings of the Debtor and his entities, and produced a report to the State Court, alleging the Debtor engaged in fraudulent conduct both prior to, and after the Receiver's appointment.

7. At the Debtor's meetings of creditors, the Debtor testified Ms. Brandow served as Chief Financial Officer of the Debtor's business entities. The Debtor also testified that Ms. Brandow handled numerous personal financial transactions at the Debtor's request. The Debtor responded to multiple questions at the meetings by referring the questioning party to records he asserts were in the possession of Ms. Brandow.

8. The Debtor asserts, in both his Schedules and meeting testimony, that he is now employed by entities owned by Ms. Brandow. Essentially, the Debtor testified that their roles are reversed, and that Ms. Brandow owns the new entities that are doing essentially similar business to the Debtor's prior entities in the receivership.

9. The UST is currently investigating at least the following areas which may lead to an objection to the Debtor's discharge or which may lead to recover of assets or claims of the estate:

    a. Whether the Debtor made undisclosed transfers of money or property to Ms. Brandow or her business interests;

    b. Whether the Debtor made undisclosed transfers of money or property to Emilie Thill, the Debtor's alleged live-in girlfriend;

    c. Whether the Debtor made or received undisclosed transfers from any entity either he or Ms. Brandow controlled;

    d.   Whether the Debtor has a claim against the entities controlled by the Receiver in an amount in excess of $2 million as alleged in the Schedules.

10. Accordingly, following the meetings of creditors, the UST issued a subpoena duces tecum to Ms. Brandow on June 20, 2024 under Fed. R. Civ. P. 45; made applicable to this proceeding by Fed. R. Bankr. P. 2004; 9016 and this Court's local rule 2004-1.

11. The subpoena directed Ms. Brandow to produce the requested documents at the office of the United States Trustee at the Federal Courthouse in this District located in Kansas City, Missouri no later than July 10, 2024.

12. Initially, the UST had difficulty serving the subpoena. However, on July 3, 2024, the UST contacted attorney Dave Halphin, whom the UST learned was representing Ms. Brandow in connection with the receivership action.

13. Subsequently, on July 3, 2024, Mr. Halphin contacted counsel for the UST and acknowledged that he had received authority to accept the subpoena on behalf of Ms. Brandow.

14. On July 8, 2024, Mr. Halphin acknowledged in writing receipt of the subpoena, noted that he had met with Ms. Brandow, and that he was attempting to determine a time frame for compliance.

15. Shortly after July 8, 2024, the UST learned that the U.S. Attorney for the Western District of Missouri had served both Ms. Brandow and the Debtor a target letter, indicating that the Federal Bureau of Investigation was conducting a criminal investigation into the matters raised by the Receivers' report.

16. On or about July 22, 2024, the UST was contacted by attorney Lance Sandage, who

3

indicated he was now representing Ms. Brandow in connection with the criminal investigation. He requested a meeting regarding compliance with the subpoena.

17. On July 30, 2024, counsel for the UST and Mr. Sandage exchanged a number of emails. Mr. Sandage ended the exchange by indicating he would "begin working on compliance of the subpoena or a motion to quash."

18. On August 15, 2024, having not received any documents or any motion to quash, counsel for the UST contacted Mr. Sandage for a status update. The UST indicated that he would extend the deadline for compliance of the subpoena until August 23, 2024.

19. On August 20, 2024, Mr. Sandage requested a meet and confer regarding the scope of the subpoena.

20. On August 21, 2024, counsel for the UST held a meet and confer with Mr. Sandage by telephone that lasted nearly an hour. The UST understood that Mr. Sandage and Ms. Brandow were concerned about the need to hire an ESI (Electronically Stored Information) Expert to search for responsive documents and that would be burdensome. The UST explained that while Ms. Brandow might eventually need to do so, the UST was willing to accept a limited scope search of certain keywords and time frames. The UST provided Mr. Sandage with a list of documents and areas of search that were most pressing. The UST understood that Mr. Sandage agreed that Ms. Brandow would attempt to conduct the search requested by the UST.

21. Although the parties discussed generally the criminal target letter, at no point during the meet and confer, or at any time thereafter, has Ms. Brandow asserted any privilege as required by Fed. R. Civ. P. 45(e)(2).

22. On September 16, 2024, counsel for the UST wrote to Mr. Sandage. At that point no documents had been produced. Counsel for the UST noted that:

> "[w]e agreed tthat Ms. Brandow did not need to do a forensic search at this time, but that she did need to produce specific documents in her possession related to her alleged ownership of the various entities, and her communications with Mr. Carlson and Mr. Carlson's girlfriend regarding certain claims made in the bankruptcy case. You indicated you would begin rolling production soon and that you were not intentionally delaying or stalling."

23. On September 18, 2024, Mr. Sandage produced approximately 62 pages of documents. These documents consisted solely of corporate formation documents, many of which were publicly filed at already in the UST's possession. Ms. Brandow did not produce a single communication.

24. No further production has occurred.

25. Without going into significant legal analysis, the UST refers the Court to and adopts Judge Glenn's detailed recitation of the law concerning Rule 2004 subpoenas in *In re Marathe*, 459 B.R. 850. 854-58 (Bankr. M.D. Fla. 2011).

26. The parties have held a meet and confer in accordance with this Court's local rules and Rule 45. At that meet and confer, Ms. Brandow's counsel agreed to produce documents which she has not produced. Sufficient time has elapsed that it has become clear that Ms. Brandow intends no further compliance with the Subpoena.

27. Here, there can be no dispute that the subpoena is valid, was validity served and the time for serving objections to the Subpoena under both Fed. R. Civ. P. 45(d)(2)(B) and this Court's local rule 2004-1 has long passed. Ms. Brandow can be found in this district. Thus, this Court has jurisdiction to enforce the subpoena.

28. The UST has given Ms. Brandow more than four months to comply with the Subpoena since it was issued. While the UST understands that the criminal target letter may add complexities to Ms. Brandow's response, the law does not wholly exempt Ms. Brandow from compliance. If Ms. Brandow wishes to assert privileges, she may do so in the manner established in Rule 45. However, she has failed to do so at this time. Further, the UST suspects that many of the documents requested may not implicate any criminal conduct on the part of Ms. Brandow and thus may not be covered by any constitutional or statutory privilege.

29. The UST continues to investigate this case. Ms. Brandow's failure to comply has resulted in the UST filing extensions of time to object to the Debtor's discharge and the administration of this case has ground to a halt. Accordingly, both the Debtor and creditors have an interest in this motion being granted.

30. Accordingly, the Court should compel compliance with the subpoena and Rule 45.

WHEREFORE, the United States Trustee respectfully requests the Court's order compelling compliance with the June 20, 2024 subpoena issued to Christine Brandow and for such further relief as may be just and proper.

Date: November 20, 2024.

        Respectfully submitted,

        JERRY L. JENSEN
        ACTING UNITED STATES TRUSTEE

BY: /s/ Adam E. Miller
      Adam E. Miller, MO Bar #65429
      Office of the United States Trustee
      Charles Evans Whittaker Courthouse
      400 East 9th Street, Room 3440
      Kansas City, MO  64106
      (816) 512-1940
      adam.e.miller@usdoj.gov

## NOTICE OF MOTION

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local Rule 9013-1C, with the Clerk of the United States Bankruptcy Court.  Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov.  Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106.  Pursuant to Local Rule 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem.  The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing.  Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court.  Notice of such hearing will be provided to all parties in interest.  If no response is filed within 21 days, the Court may enter an order without further hearing.

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by electronic notification, this 20th day of November 2024 on the Court's electronic case filing system and by U.S. Mail, postage prepaid, upon parties who have requested service of pleadings, but who do not receive service via the Court's electronic case filing system and on

    Lance Sandage
    Sandage Law LLC
    1600 Genessee Street, Ste. 662
    Kansas City, MO 64102
    **Counsel to Christine Brandow**

/s/ Adam E. Miller
Adam E. Miller