# Exhibit L

## GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT ("Guaranty") is made effective December 2, 2019, and made by **BRAD CARLSON,** a resident of the State of Missouri ("Guarantor"), whose address for notice purposes is REDACTED in favor of **ENTERPRISE BANK & TRUST,** a Missouri chartered trust company ("Lender"), having an address at 12695 Metcalf Avenue, Overland Park, Kansas 66213.

### RECITALS:

A.      Lender and **FORCE MIDWEST, LLC,** a Missouri limited liability company ("Force"), **APEX SPECIALTY VEHICLES, LLC,** a Missouri limited liability company ("Apex") **MAG TRUCKS, LLC,** a Missouri limited liability company ("MAG"), **MULUNGAS, LLC,** a Missouri limited liability company ("Mulungas"), **MID WESTERN AUTOMOTIVE, LLC,** a Missouri limited liability company ("Mid Western"), and **FORCE COMMERCIAL BUILDING, LLC,** a Missouri limited liability company ("Force Commercial" and together with Force, Apex, MAG, Mulungas, and Mid Western collectively herein "Borrower"), have entered into a Business Loan Agreement ("Loan Agreement") under which Lender has agreed to make the following loans: (i) a loan to and for Borrower in the original principal amount of **ONE MILLION and 00/100THS DOLLARS ($1,000,000.00)** (the "Apex Line of Credit Loan"), (ii) a loan to and for Borrower in the original principal amount of **TWO MILLION and 00/100THS DOLLARS ($2,000,000.00)** (the "MAG Line of Credit Loan"), (iii) a loan to and for Borrower in the original principal amount of **SIX HUNDRED SIXTY-TWO THOUSAND NINE HUNDRED FOURTEEN and 00/100THS DOLLARS ($662,914.00)** (the "Apex Term Loan"), and (iv) a loan to and for Borrower in the original principal amount of **TWO MILLION EIGHT HUNDRED THIRTY-TWO THOUSAND and 00/100THS DOLLARS ($2,832,000.00)** (the "Mulungas Term Loan").

B.      (i) The Apex Line of Credit Loan is evidenced by that certain Promissory Note dated of even date herewith made by Borrower in favor of Lender in the original principal amount of **$1,000,000.00** (as the same may from time to time be amended, modified, restated, increased, or extended, the "Apex Line of Credit Note"), (ii) the MAG Line of Credit Loan is evidenced by that certain Promissory Note dated of even date herewith made by Borrower in favor of Lender in the original principal amount of **$2,000,000.00** (as the same may from time to time be amended, modified, restated, increased, or extended, the "MAG Line of Credit Note"), (iii) the Apex Term Loan is evidenced by that certain Promissory Note dated of even date herewith made by Borrower in favor of Lender in the original principal amount of **$662,914.00** (as the same may from time to time be amended, modified, restated, increased or extended, the "Apex Term Note"), and (iv) the Mulungas Term Loan is evidenced by that certain Promissory Note dated of even date herewith made by Borrower in favor of Lender in the original principal amount of **$2,832,000.00** (as the same may from time to time be amended, modified, restated, increased or extended, the "Mulugas Term Note").

C.      Payment of the Apex Line of Credit Note, the Mag Line of Credit Note, the Apex Term Note, and the Mulungas Term Note is secured, in part, by the following:

7CG0118.DOCX

(i)      a Security Agreement dated of even date herewith by and between Force and Lender (the "Force Security Agreement");

(ii)     a Security Agreement dated of even date herewith by and between Apex and Lender (the "Apex Security Agreement");

(iii)    a Security Agreement dated of even date herewith by and between MAG and Lender (the "MAG Security Agreement");

(iv)     a Security Agreement dated of even date herewith by and between Mulungas and Lender (the "Mulungas Security Agreement");

(v)      a Security Agreement dated of even date herewith by and between Mid Western and Lender (the "Mid Western Security Agreement");

(vi)     a Security Agreement dated of even date herewith by and between Force Commercial and Lender (the "Force Commercial Security Agreement");

(vii)    an Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Financing Statement (Future Advance) dated of even date herewith executed by Mulungas in favor of Lender (the "Mulungas Mortgage"); and

(viii)   a Deed of Trust, dated April 30, 2019 executed by Force Commercial in favor of Lender as amended by an Amendment to Deed of Trust dated of even date herewith by and between Force Commercial and Lender (the "Force Commercial Mortgage").

**D.**      For purposes of this Guaranty the following definitions apply:

(i)      the Apex Line of Credit Loan, the MAG Line of Credit Loan, the Apex Term Loan, and the Mulungas Term Loan are collectively referred to herein as the "Loan";

(ii)     the Apex Line of Credit Note, the MAG Line of Credit Note, the Apex Term Note, and the Mulungas Term Note are collectively referred to herein as the "Note";

(iii)    the Force Security Agreement, the Apex Security Agreement, the MAG Security Agreement, the Mulungas Security Agreement, the Mid Western Security Agreement and the Force Commercial Security Agreement are collectively referred to herein as the Security Agreement";

(iv)     the Mulungas Mortgage and the Force Commercial Mortgage are collectively referred to herein as the "Mortgage";

(v)      the Note, the Security Agreement the Mortgage and all other documents identified in the Loan Agreement as loan documents are collectively referred to herein as the "Loan Documents; and

7CG0118.DOCX

(vi) all capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Loan Agreement.

**E.** The making of the Loan by Lender to Borrower is of value to Guarantor, is reasonably expected to benefit Guarantor, directly or indirectly, and is in furtherance of Guarantor's personal and business interests.

**F.** Guarantor has reviewed, understood and approved all of the terms and conditions of the Loan Agreement, the Note, the Security Agreement, the Mortgage and the other Loan Documents and all other documents executed in connection with the Loan, including, but not limited to, this Guaranty. Guarantor has been afforded the full and fair opportunity to consult with independent legal counsel of Guarantor's own choice with respect to each and all of such matters and documents and has done so to the extent deemed appropriate by Guarantor.

In consideration of Lender making the Loan, and as an inducement to Lender to do so, Guarantor hereby agrees and covenants as follows:

1.      **Guaranteed Obligations.** Guarantor hereby unconditionally, irrevocably and absolutely guarantees without demand by Lender the full and prompt payment when due, whether by acceleration or otherwise, of (a) the entire amount of principal and accrued interest under the Note and all other indebtedness, obligations and liabilities of Borrower under the Loan Agreement and the other Loan Documents including, without limitation, all costs of collection, attorneys' fees, court costs, and other advances and extensions thereunder whether such indebtedness, obligations or liabilities have been incurred prior to the date hereof or are incurred from time to time hereafter, and (b) all other indebtedness, obligations and liabilities of Borrower to Lender together with all costs of collection, attorneys' fees, court costs, and other advances and extensions thereunder whether such indebtedness, obligations or liabilities have been incurred prior to the date hereof or are incurred from time to time hereafter and all without offset, demand, counterclaim, deduction or recoupment of any amounts owing or alleged to be owing by Lender to Borrower. It is expressly understood that this Guaranty covers, without limitation, (y) any and all amendments, extensions, modifications, rearrangements, increases, and renewals of the Loan and of any of the Loan Documents; and (z) all interest, default interest, late charges, and other amounts that would have accrued under the Loan Documents but for the commencement of a case under the Federal Bankruptcy Code or any other similar federal or state law. Without limiting the foregoing, Guarantor specifically guarantees payment of any judgment entered against the Borrower and any damages that may be awarded in any action brought against the Borrower by Lender arising out of or relating to the Loan or any Loan Document. All of the indebtedness, obligations and liabilities described in this paragraph are referred to herein as the "Guaranteed Obligations." This Guaranty is a guaranty of payment and not merely of collection.

2.      **Nature of Guaranty: Continuing, Absolute and Unconditional.** This Guaranty shall take effect when received by Lender without the necessity of any acceptance by Lender or of any notice to Guarantor or to Borrower, shall be continuing, absolute and unconditional, and shall remain in full force and effect until the Guaranteed Obligations are fully and finally paid. If payment is made by Borrower, whether voluntarily or otherwise, or by any third party, on the Guaranteed Obligations and thereafter Lender is forced to remit, rescind or restore the amount of

7CG0118.DOCX

that payment under any federal or state bankruptcy law or law for the relief of debtors, or for any other reason, (a) the amount of such payment shall be considered to have been unpaid at all times for the purposes of enforcement of this Guaranty, (b) the obligations of Borrower guaranteed herein shall be automatically reinstated to the extent of such payment, and (c) Guarantor will, on demand, indemnify for and hold Lender harmless from all losses and all reasonable costs and expenses, including legal fees, incurred by Lender in connection with such remission, rescission or restoration. In the event this Guaranty is preceded or followed by any other agreement of guaranty by the Guarantor or others, all shall be deemed to be cumulative, and the obligations of the Guarantor hereunder shall be in addition to those stated in any other guaranty agreement.

3.    **Payment upon Event of Default.** If any Event of Default shall occur in the payment of any sum of money coming due under the Note, whether principal, interest, late charges or other payments, Guarantor hereby agrees to pay any and all Guaranteed Obligations: (a) without deduction by reason of any set-off, defense or counterclaim of Borrower; (b) without requiring protest or notice of non-payment or notice of such default to Guarantor, to Borrower or to any other person; (c) without demand for payment or proof of such demand; (d) without requiring Lender to resort first to Borrower (this being a guaranty of payment and not of collection) or to any other guaranty or any collateral which Lender may hold; (e) without requiring notice of acceptance hereof or assent hereto by Lender; and (f) without requiring notice that any indebtedness of Borrower to Lender has been incurred. The obligations of Guarantor hereunder are separate and independent of the obligations of Borrower. Guarantor expressly agrees that a separate action may be brought against Guarantor whether or not Borrower is joined in such action.

4.    **Representations, Warranties and Covenants.** Guarantor represents, warrants, and covenants to Lender that (a) the financial statements or statements of financial condition of Guarantor heretofore delivered to Lender are true, accurate, and correct in all material respects and fairly present the financial condition of Guarantor as of the respective dates thereof, and no material adverse change has occurred in the financial condition of Guarantor since the date of the most recent of such financial statements; (b) Guarantor has derived or expects to derive financial and other advantages and benefits, directly or indirectly, from the making of this Guaranty and the Guaranteed Obligations; (c) Lender has made no representations or agreements of any kind to Guarantor which would limit or qualify in any way the terms of this Guaranty; (d) this Guaranty is executed at Borrower's request and not at the request of Lender; (e) Lender has made no representation to Guarantor as to the creditworthiness of Borrower; (f) Guarantor has established adequate means of obtaining from Borrower on a continuing basis information regarding Borrower's financial condition; (g) Guarantor will keep adequately informed of any facts, events or circumstances which might in any way affect Guarantor's risks under this Guaranty; (h) Lender shall have no obligation to disclose to Guarantor any information or documents (financial or otherwise) heretofore or hereafter acquired by Lender in the course of its relationship with Borrower; and (i) Guarantor will not, without the prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or take any other action which might reasonably be expected to have a material adverse effect on Guarantor's financial condition such that Guarantor will be unable to honor the terms of this Guaranty.

7CG0118.DOCX

**5.** **Guarantor Consents.** The Guarantor hereby consents to all terms and conditions of agreements heretofore or hereafter made between Lender and the Borrower (including, without limitation, the Note and the other Loan Documents) and further agrees that Lender may without further consent or disclosure and without affecting or releasing the obligations of Guarantor hereunder: (a) enter into agreements with and make loans to Borrower which increase the amount of the Guaranteed Obligations; (b) surrender, exchange, release, assign, or sell any collateral or waive, release, assign, sell, or subordinate any security interest, in whole or in part; (c) waive, delay the exercise of, release, compromise, or grant indulgences in respect of any rights or remedies of Lender against the Borrower or any surety or guarantor (including, without limitation, rights or remedies of Lender against Guarantor under this Guaranty); (d) waive or delay the exercise of any rights or remedies of Lender in respect of any collateral or security interest now or hereafter held; (e) renew, extend, waive, accelerate, or modify the terms of any Guaranteed Obligation or the obligations of any surety or guarantor, including, without limitation, changes to the rate of interest, or any instrument or agreement (including, without limitation, the Loan Documents) evidencing or relating to the same; (f) realize on any security interest, judicially or non-judicially, with or without preservation of a deficiency judgment; (g) apply payments received from Borrower or any surety or guarantor (including Guarantor) or from any collateral, to any indebtedness, liability, or obligations of Borrower or such sureties or guarantors whether or not a Guaranteed Obligation hereunder; or (h) adjust, compromise or receive less than the amount due upon any collateral or the Guaranteed Obligations, and enter into any accord and satisfaction or novation agreement with respect to the same as Lender shall deem advisable.

**6.** **Waiver of Notice.** Guarantor waives notice of (a) Lender's acceptance of this Guaranty or its intention to act or its actions in reliance hereon; (b) the present existence or future incurring of any Guaranteed Obligations or any terms or amounts thereof or any change therein; (c) any default by the Borrower or any surety or guarantor; (d) the obtaining of any guaranty or surety agreement (in addition to this Guaranty); (e) the obtaining of any pledge, assignment or other security for any Guaranteed Obligations; (f) the release of the Borrower or any surety or guarantor; (g) the release of any collateral; (h) any change in Borrower's business or financial condition; (i) any renewal, extension or modification of the terms of any Guaranteed Obligation or of the obligations or liabilities of any surety or guarantor or of any instruments or agreements evidencing the same; (j) any acts or omissions of Lender consented to in Section 5 hereof; and (k) any other demands or notices whatsoever with respect to the Guaranteed Obligations or this Guaranty. The Guarantor further waives notice of presentment, demand, protest, notice of nonpayment, notice of intent to accelerate, and notice of protest in relation to any instrument or agreement evidencing any Guaranteed Obligation.

**7.** **Right of Setoff.** To the extent permitted by applicable law, Lender reserves a right of setoff in all of Guarantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Guarantor holds jointly with someone else and all accounts Guarantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Guarantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect its setoff rights provided in this paragraph.

7CG0118.DOCX

8. **Waiver of Defenses.** This Guaranty is absolute and unconditional and shall not be affected by any act or thing whatsoever, except as herein provided. Guarantor unconditionally and irrevocably waives all defenses that may otherwise operate to impair or diminish the liability of Guarantor hereunder. Without limiting the foregoing, to the extent allowed by law, Guarantor expressly waives any and all rights to defenses arising by reason of (a) any "one-action" or "anti-deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency against Guarantor, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale including Lender's bringing an action to enforce this Guaranty prior to or in lieu of bringing an action against any collateral securing the Guaranteed Obligations, (b) any election of remedies by Lender which destroys or otherwise adversely affects Guarantor's subrogation rights or Guarantor's rights to proceed against Borrower for reimbursement, including, without limitation, any loss of rights Guarantor may suffer by reason of any law limiting, qualifying, or discharging the Guaranteed Obligations, (c) any disability or other defenses of Borrower, or of any other guarantor, or of any other person, or by reason of the cessation of Borrower's liability from any cause whatsoever, other than full and final payment in legal tender of the Guaranteed Obligations, (d) any right to claim discharge of the Guaranteed Obligations on the basis of impairment of any collateral for the Guaranteed Obligations, (e) any right to cause a marshalling of Borrower's assets or defense based on a failure to marshal assets, (f) all exemptions and homestead laws, (g) all rights of setoff, (h) any renewals, extensions, modifications, compromises or waivers by Lender of any of its remedies against Borrower, Borrower's surety or any guarantor, (i) Borrower's defenses based on application of payments or funds from any source, including, but not limited to, insurance proceeds, and (j) subordination of security interests in whole or in part. Guarantor agrees that any partial payment by Borrower or other circumstance which operates to toll any statute of limitations as to Borrower shall toll the statute of limitations as to Guarantor. In addition, Guarantor agrees that Lender may proceed against any collateral securing the Guaranteed Obligations by way of either judicial or nonjudicial foreclosure. Guarantor understands that a nonjudicial foreclosure of any deed of trust or mortgage securing the Guaranteed Obligations could impair or eliminate any subrogation or reimbursement rights Guarantor may have against Borrower, nevertheless Guarantor hereby waives and relinquishes any defense based upon the loss of any such reimbursement or subrogation rights or any other defense which may otherwise arise therefrom and any defense that may arise out of election of remedies, discharge or satisfaction of the Guaranteed Obligations.

TO THE EXTENT PERMITTED BY LAW, GUARANTOR WAIVES ALL RIGHTS AND DEFENSES ARISING OUT OF AN ELECTION OF REMEDIES BY LENDER OR ITS SUCCESSORS OR ASSIGNS, EVEN THOUGH THAT ELECTION OF REMEDIES, SUCH AS NONJUDICIAL FORECLOSURE WITH RESPECT TO SECURITY FOR A GUARANTEED OBLIGATION, HAS DESTROYED THE GUARANTOR'S RIGHTS OF SUBROGATION AND REIMBURSEMENT AGAINST THE PRINCIPAL BY STATUTE OR OTHERWISE.

9. **Acts by Lender.** No act of commission or omission of any kind or at any time on the part of Lender with respect to any matter whatsoever shall in any way affect or impair this Guaranty.

7CG0118.DOCX

**10. Other Guaranties.** Guarantor acknowledges that Lender may obtain other guaranties and collateral to secure the repayment of the Guaranteed Obligations. Guarantor represents and warrants to Lender, however, that in making this Guaranty Guarantor is not relying upon the Lender's obtaining any guaranty agreements (other than this Guaranty) or any collateral pledged or assigned to secure repayment of the Guaranteed Obligations. Guarantor specifically acknowledges that Lender's obtaining any such guaranty agreements or collateral is not a condition to the enforcement of this Guaranty. If Lender should simultaneously or hereafter elect to attempt to take additional guaranty agreements or collateral to secure repayment of the Guaranteed Obligations and if its efforts to do so should fail in any respect including, without limitation, a determination that the agreement purporting to provide such additional guaranty or security interest is invalid or unenforceable for any reason, this Guaranty shall, nonetheless, remain in full force and effect. In the event Lender obtains other guaranties to secure the repayment of the Guaranteed Obligations, Lender shall have the right to discharge or release said other guaranties in whole or in part, without in any way releasing, impairing or affecting its rights against the Guarantor. The failure of any other guarantor of the Guaranteed Obligations to sign this Guaranty or any other guaranty shall not release or affect the obligations or liability of any other guarantor.

**11. Waiver of Claims.** Guarantor hereby irrevocably waives all claims it has or may acquire against Borrower in respect of the Guaranteed Obligations, including, but not limited to, rights of exoneration, reimbursement and subrogation. Guarantor has received no indemnification or other agreement of reimbursement from Borrower in connection with the execution and delivery of this Guaranty.

**12. Successors and Assigns.** This Guaranty shall inure to the benefit of Lender, and Lender's successors and assigns, and shall be binding upon Guarantor and Guarantor's heirs, personal or legal representatives, administrators, executors, successors, and assigns. Lender may, without any notice whatsoever to Guarantor, or to anyone else, sell, assign or transfer the Note, or any interest therein, with or without any security therefor, and in that event each and every immediate and successive assignee, transferee or holder of all or any part of the Loan, the Note shall have the right to enforce this Guaranty, by suit or otherwise, for the benefit of such assignee, transferee or holder as though such parties were herein by name specifically given those rights, powers and benefits.

**13. Costs and Expenses.** Guarantor agrees to pay on demand all reasonable costs and expenses of every kind incurred by Lender: (a) in enforcing this Guaranty; (b) in collecting any indebtedness from Borrower or Guarantor; (c) in realizing upon or protecting any collateral for this Guaranty or for payment of any indebtedness; and (d) for any other purpose related to this Guaranty. "Costs and expenses" as used in the preceding sentence shall include, without limitation, the reasonable attorneys' fees incurred by Lender in retaining counsel for advice, suit, appeal, any insolvency or other proceedings under the Federal Bankruptcy Code or otherwise, or for any purpose specified in the preceding sentence.

**14. Missouri Law.** This Guaranty shall be governed by and construed and enforced under the laws of the State of Missouri.

7CG0118.DOCX

**15.** **Venue.** Venue for any action arising pursuant to or to enforce any provision of this Guaranty shall be exclusively found in the Circuit Court of Jackson County, Missouri. Guarantor hereby submits to the jurisdiction of Circuit Court of Jackson County Missouri.

**16.** **Delay.** No delay on the part of Lender in exercising any right, power or privilege under this Guaranty shall operate as a waiver of any such right, power or privilege, nor shall any exercise or waiver of any privilege or right preclude any other or further exercise of such privilege or right or the exercise of any other right, power or privilege. All of Lender's rights and remedies shall be cumulative.

**17.** **Subordination.** Any indebtedness of Borrower now or hereafter held by Guarantor is hereby subordinated to the Guaranteed Obligations. Any payments on such indebtedness shall be received by Guarantor in trust for Lender, and paid over to Lender on account of the Guaranteed Obligations, but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty. Guarantor shall file all claims against Borrower in any bankruptcy or other proceeding in which the filing of claims is required by law upon any indebtedness of Borrower to Guarantor and will assign to Lender all rights of Guarantor thereunder. If Guarantor does not file any such claim, Guarantor hereby appoints and constitutes Lender as Guarantor's attorney-in-fact and hereby authorizes Lender to do so in the name of Guarantor or, in Lender's discretion, to assign the claim and to cause the claim to be filed in the name of Lender's nominee. In all such cases, whether in administration, bankruptcy or otherwise, the person or persons authorized to pay such claim shall pay to Lender the full amount thereof, and Guarantor hereby assigns to Lender, to the full extent necessary for that purpose, all of Guarantor's rights to any such payments or distributions to which Guarantor would otherwise be entitled. Nothing in this paragraph shall be construed to create a duty in Lender to take any action whatsoever to protect any right Guarantor may have as to Borrower.

**18.** **Unenforceability.** If any provision of this Guaranty or any portion of any provision of this Guaranty shall be deemed to be invalid, illegal or unenforceable, such invalidity, illegality or unenforceability shall not alter the remaining portion of such provision, or any other provision hereof, as each provision of this Guaranty shall be deemed severable from all other provisions hereof.

**19.** **Personal Financial Statements and Tax Returns.** Within ninety (90) days after and as of the end of each calendar year, Guarantor shall provide to Lender a copy of Guarantor's personal financial statement and a schedule of debt in form and substance and each of the foregoing containing the same categories of information as previously submitted by Guarantor to Lender, certified as true and correct by the Guarantor. Within thirty (30) days after Guarantor has filed Guarantor's federal income tax return or any request for extension of time to file a federal return with the Internal Revenue Service, Guarantor shall provide to Lender a true and complete copy of the federal income tax return (including all K-1s) of Guarantor or any request for an extension of time.

**20.** **Additional Financial Information.** Guarantor agrees to furnish such information respecting the business, assets, and financial condition of the Guarantor as the Lender may reasonably request from time to time. The Guarantor shall furnish such information as soon as possible, but in any event within thirty (30) days after request. The Guarantor agrees

7CG0118.DOCX

to notify the Lender promptly, in writing, if the Guarantor's (i) financial condition materially changes; (ii) legal name changes; or (iii) its address changes. The Guarantor also agrees that the Lender may confirm any information provided by the Guarantor from any source it deems necessary or appropriate.

**21.** **Default.** Lender may declare Guarantor to be in default under this Guaranty if Guarantor fails to perform any of the Guaranteed Obligations or becomes the subject of any bankruptcy, insolvency, arrangement, reorganization, or other debtor-relief proceeding under any federal or state law, whether now existing or later to be enacted.

**22.** **Bankruptcy.** Guarantor's obligation is to pay in full the indebtedness due under the Note, the Loan Agreement, the Security Agreement, the Mortgage and the other Loan Documents, in accordance with the terms thereof and Guarantor acknowledges that this Guaranty shall continue in full force and effect notwithstanding the filing by or against Borrower or any other guarantor or surety of a request or a petition for liquidation, reorganization, adjustment of debts, arrangement or similar relief under any bankruptcy, insolvency or similar laws of the United States or any state or territory thereof. Guarantor shall not, and shall not cause Borrower to, seek any relief or order from any bankruptcy or other court of any jurisdiction the effect of which is to enjoin, postpone, delay or otherwise prevent or hinder the enforcement of Lender's rights under this Guaranty.

**23.** **Entire Agreement.** This Guaranty contains the entire agreement of Guarantor with Lender concerning its subject matter, and no representation, understanding, promise or condition with respect thereto shall be enforceable against any party unless it is contained in this Guaranty. This Guaranty may not be modified except in a writing signed by both Lender and Guarantor.

**24.** **Community Estate Bound.** Each married individual who executes this Guaranty intends to bind both his or her separate estate and the jointly held or community estate of that married individual and his or her spouse.

**25.** **Compliance with Usury Laws.** All agreements between Guarantor and Lender, whether now existing or hereafter arising are hereby expressly limited so that in no event whatsoever, whether by reason of the making of advances on account of the Loan, or under any of the Loan Documents, or acceleration of maturity of the unpaid principal balance of the Loan or otherwise, shall the amount paid or agreed to be paid by or on behalf of Borrower to Lender for the use, forbearance or detention of money exceed the highest lawful rate permissible under any applicable Usury Law. If, from any circumstances whatsoever, compliance with any of the Loan Documents, at the time performance thereunder shall be due, shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable thereto, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity.

**26.** **Notices.** All notices required or permitted to be given hereunder shall be deemed to have been duly given: (a) three (3) days after being sent by certified United States Mail, return receipt requested, to Guarantor and to Lender at their respective addresses hereinabove set forth,

7CG0118.DOCX

or to such other place or places as either party hereto may from time to time designate to the other for the purpose of receiving notices hereunder; or (b) on the day of personal delivery

27. **Time is of the Essence.** Time is of the essence with respect to all obligations of Guarantor under this Guaranty.

28. **Execution of Documents, Consultation with Counsel.** Guarantor acknowledges and agrees that Guarantor has had an opportunity to review and consider the terms and provisions of this Guaranty and the Loan Documents, to consult with counsel of Guarantor's choice, if desired, and to suggest changes to the structure and terms of the this Guaranty and the Loan Documents. Guarantor warrants and agrees that Guarantor's execution of this Guaranty is made voluntarily and with full knowledge of the significance and effect of the Guaranty.

29. **Facsimile.** An electronic transmission or other facsimile of this Guaranty or any related document which Lender in good faith believes has been signed by Guarantor and has been delivered to Lender by a properly authorized representative of the Guarantor, whether or not that is in fact the case, shall be deemed an original and shall be admissible as evidence of the document and the signer's execution.

30. **Electronic Transmission.** Lender and Guarantor agree certain Loan related data (including confidential information, documents, applications and reports) may be transmitted electronically, including over the Internet. This data may be transmitted to, received from or circulated among agents and representatives of Guarantor and/or Lender and their affiliates; and other persons involved with the subject matter of this Guaranty. Guarantor acknowledges and agrees that (a) there are risks associated with the use of electronic transmission and that Lender does not control the method of transmittal or service providers, (b) Lender has no obligation or responsibility whatsoever and assumes no duty or obligation for the security, receipt, or third party interception of such transmissions, and (c) Guarantor will release, hold harmless and indemnify Lender from any claim, damage or loss, including those arising in whole or part from Lender's strict liability, or sole, comparative or contributory negligence, which are related to the electronic transmittal of data.

31. **Waiver of Jury Trial.** GUARANTOR WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH GUARANTOR, BORROWER AND LENDER MAY BE PARTIES, ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO, THIS GUARANTY, THE LOAN AGREEMENT, THE NOTE, THE SECURITY AGREEMENT, OR ANY OF THE OTHER LOAN DOCUMENTS. IT IS AGREED AND UNDERSTOOD THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTION OR PROCEEDINGS, INCLUDING CLAIMS AGAINST PARTIES WHO ARE NOT PARTIES TO THIS GUARANTY, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY GUARANTOR, AND GUARANTOR HEREBY REPRESENTS THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. GUARANTOR FURTHER REPRESENTS AND

7CG0118.DOCX

WARRANTS THAT GUARANTOR HAS BEEN REPRESENTED IN THE SIGNING OF THIS GUARANTY AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, OR HAS HAD THE OPPORTUNITY TO BE REPRESENTED BY INDEPENDENT LEGAL COUNSEL SELECTED OF GUARANTOR'S OWN FREE WILL, AND THAT GUARANTOR HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL. GUARANTOR AGREES AND CONSENTS THAT LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS DOCUMENT WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF GUARANTOR TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.

32. **Statutory Notice.** The following provision is included in compliance with Missouri Revised Statutes Section 432.047: ORAL OR UNEXECUTED AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THIS GUARANTY AGREEMENT, THE NOTE, OR THE OTHER LOAN DOCUMENTS. TO PROTECT GUARANTOR AND LENDER FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENT REACHED BETWEEN GUARANTOR AND LENDER ARE CONTAINED IN THIS GUARANTY AGREEMENT WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENTS OF THE AGREEMENT BETWEEN GUARANTOR AND LENDER, EXCEPT AS MAY BE LATER AGREED TO IN WRITING.

[Signature page to follow]

7CG0118.DOCX

IN WITNESS WHEREOF, Guarantor has executed or has caused this Guaranty to be executed as of the date written below.

**"GUARANTOR"**

_____
**BRAD CARLSON**

Date: ___12/2/19___

7CG0118.DOCX